UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HUMAN & JOY CORPORATION,<br><br>                Plaintiff,<br><br>    v.<br><br>SEATTLE OFFICE OF LABOR STANDARDS, *et al.*,<br><br>                Defendants. | Case No. C19-1546 RSL-MLP<br><br>ORDER |

      Plaintiff filed a motion for an order compelling Defendant City of Seattle to produce documents to the Court for an *in camera review* to address two of Defendant's asserted privilege claims, arguing the crime-fraud exception to the attorney-client privilege applied and that the that there was no common interest privilege in this matter. (Dkt. # 21.) In Defendant's opposition to Plaintiff's motion, Defendant requested attorney's fees in the amount of $7,620.00, asserting the motion was baseless. (Dkt. ## 24 at 2, 26 at 4.) The Court heard oral argument and denied Plaintiff's motion. (Dkt. # 29.) The Court also denied Defendant's request for an award of reasonable fees incurred in opposing Plaintiff's common interest privilege argument. The Court directed Defendant to submit a declaration outlining the reasonable attorney's fees and costs incurred in specifically opposing Plaintiff's crime-fraud exception argument for the Court's

ORDER - 1

consideration. Defendant submitted a declaration requesting a fee award of $8,428.00. (Dkt. # 30 at 4.) Defendant states this amount represents 76% of the total fees incurred in opposing Plaintiff's motion, which is the approximate amount it incurred in opposing Plaintiff's crime-fraud exception argument. (*Id.* at 3.) This amount also includes fees incurred in preparing and attending oral argument. (*Id.* at 4.) Plaintiff objected to Defendant's request, arguing it was substantially justified in bringing its motion given the limited case law regarding the crime-fraud exception. (Dkt. # 31.) Defendant responded to Plaintiff's objections and argued the motion was not substantially justified because Plaintiff cited only state law cases that expanded the crime-fraud exception in circumstances inapplicable to this matter, rather than pointing to applicable federal law, and increased its request to $9,428.00 based on additional attorney's fees incurred in preparing its response. (Dkt. # 32.) Lastly, Plaintiff replied to Defendant's response. (Dkt. # 34.)

Federal Rule of Civil Procedure 37(a)(5)(B) governs payment of attorney's fees upon an unsuccessful motion to compel. The rule provides that a court must require the movant to pay the opposing party's reasonable expenses, including attorney's fees, unless "the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B).

Here, the Court concludes that the circumstances surrounding Plaintiff's motion to compel would make an award of attorney's fees unjust. The Court denied Plaintiff's motion to compel based on the crime-fraud exception to the attorney-client privilege because although it raised suspicions of some unspecified crime-fraud, it failed to present specific evidence to sufficiently identify a crime-fraud. The Court was willing to dismiss the motion without prejudice and reconsider Plaintiff's motion if Plaintiff uncovered additional information to articulate a crime-fraud. It was only after the Court was informed that the discovery deadline was

ORDER - 2

that day, and therefore there would be no further discovery, that the Court denied Plaintiff's motion with prejudice. Given these circumstances, it would be unjust to impose attorney's fees. Accordingly, Defendant's request for attorney's fees is DENIED.

The Clerk is directed to send copies of this order to the parties and to the Honorable Robert S. Lasnik.

Dated this 29th day of September, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 3