UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HUMAN & JOY CORPORATION, d/b/a
TERIYAKI & WOK, a Washington
corporation,

                    Plaintiff,

      v.

SEATTLE OFFICE OF LABOR
STANDARDS, *et al.*,

                    Defendants.

Case No. C19-1546 RSL-MLP

ORDER

## I.     INTRODUCTION

This matter is before the Court on Plaintiff Human & Joy Corporation's ("Teriyaki")

motion to amend its complaint. (Dkt. # 37.) Defendants Seattle Office of Labor Standards,

Margaret Weihs, and Cindi Williams (collectively "the City") oppose Teriyaki's motion. (Dkt. #

49.)[1]

---

[1] The parties have also submitted motions for summary judgment that are pending before the Court. (Dkt.
## 38, 41.) This order does not address those motions.

ORDER - 1

1

**I. BACKGROUND**

2    Teriyaki, a small restaurant located in the Capitol Hill neighborhood in Seattle,

3 Washington, filed its complaint for damages, declaratory judgment, and injunctive relief against

4 the City in September 2019. (*See generally* Compl. (Dkt. # 1).) The underlying facts in this

5 matter arise from a wage dispute between Teriyaki and a former employee, Eligio Benito

6 Mendez. (*Id.*) Mendez claims Teriyaki owes him wages for unpaid hours of work, missed meal

7 breaks, and rest periods that he asserts Teriyaki failed to provide. (*Id.* at ¶¶ 12-13.) The Seattle

8 Office of Labor Standards ("OLS"), whose responsibilities include investigating employee

9 complaints regarding alleged violations of Seattle Municipal Code's ("SMC") labor laws,

10 conducted an investigation regarding Mendez's complaint. (Dkt. ## 40-1 (Ordinance 124643 and

11 Council Bill 118247), 40-2 (Mendez Complaint).) OLS investigations can result in a settlement,

12 a finding that no labor laws were violated, or a finding that labor laws were violated. SMC

13 14.19.075; SMC 14.20.055. An employer may appeal an adverse finding to the Hearing

14 Examiner. SMC 14.19.085; SMC 14.20.065. An employer may also seek judicial review of the

15 Hearing Examiner's decision in King County Superior Court. SMC 14.19.095; SMC 14.20.075.

16    Teriyaki alleges that during its investigation, OLS pressured it to reach a settlement and

17 threated that if Teriyaki did not settle, it would issue a finding against Teriyaki. (Compl. at ¶ 17.)

18 Teriyaki initiated a declaratory judgment action in King County Superior Court regarding

19 Mendez's wage allegations ("Declaratory Action"), naming only Mendez as a defendant. (*Id*. at

20 ¶¶ 25-26; *see also* Taylor Decl. (Dkt. # 39), Ex. A (Compl. in *Human & Joy Corp. v. Mendez*,

21 Cause No. 19-2-18473-6).) Teriyaki's action sought a declaratory judgment that it was in

22 compliance with the applicable labor laws and correctly compensated Mendez. (*Id.*) Teriyaki

23 alleges that Defendant Assistant City Attorney Williams advised Teriyaki that OLS considered

1  the Declaratory Action retaliation against Mendez and threatened to add a retaliation count as

2  part of its investigation if Teriyaki did not dismiss the action. (Compl. at ¶¶ 31-32.) Teriyaki also

3  alleges Defendant OLS Investigator Weihs informed Teriyaki that OLS would amend its

4  investigation to add a claim of retaliation against Teriyaki based on the Declaratory Action and

5  impose higher penalties if Teriyaki did not reach a settlement with OLS. (*Id.* at ¶¶ 34-35.) The

6  City moved to intervene in the Declaratory Action and dismiss the matter. (Cox Decl. (Dkt. # 42)

7  at ¶ 2.) After the City moved to intervene, Teriyaki voluntarily dismissed the Declaratory

8  Action.[2] (Goldman Decl. in Support of Defs.' Resp. (Dkt. # 54), Ex. F (Teriyaki's Motion to

9  Voluntarily Dismiss).) The Court denied the City's motions as moot due to Teriyaki's voluntary

10  dismissal. (*Id.*, Ex. H (Ordering Granting Motion to Dismiss).)

11  On September 15, 2020, OLS concluded its investigation and issued its Findings of Fact,

12  finding Teriyaki violated requirements for record retention, notice of employment information,

13  notice of wage payment information, and minimum wage payments as required by SMC 14.19

14  and 14.20.[3] (Weihs Decl. (Dkt. # 40), Ex. 6 (Findings of Fact, Determination and Final Order).)

15  That same day, Teriyaki filed a complaint for damages, declaratory judgment, and injunctive

16  relief in King County Superior Court ("State Action") against OLS. (Taylor Decl., Ex. B at ¶¶

17  27-42.) Teriyaki alleges the SMC ordinances at issue are preempted by state labor laws, and

18  seeks to enjoin the City from concluding its investigation into Mendez's complaint. (*Id.*)

19  Teriyaki's claims in the State Action are essentially the same claims regarding preemption and

20  injunctive relief that are before the Court in the instant action. (*Compare* Compl. at ¶¶ 51-59 *with*

21

22  [2] Teriyaki asserts it dismissed the Declaratory Action because Mendez did not file compulsory counterclaims in the action or initiate a separate action for his wage claims within the three-year statute of limitations. (Pl.'s Reply. (Dkt. # 52) at 4.)

23

[3] The Findings of Fact refer to SMC citations from the time the that alleged violations occurred. The ordinances have since been modified. (Findings of Fact, Determination and Final Order at n.1.)

ORDER - 3

1   Taylor Decl., Ex. B at ¶¶ 33-42.) OLS filed a motion to stay the proceedings in the State Action

2   pending resolution in this matter, which the King County Superior Court granted. (Goldman

3   Decl. (Dkt. # 49), Ex. 2 (Motion to Stay Proceedings); Order Granting Motion to Stay

4   Proceedings (Dkt. # 50-1).) On September 30, 2020, Teriyaki filed an appeal of OLS's findings

5   to the Hearing Examiner that is still pending. (Weihs Decl., Ex. 7 (Teriyaki's Appeal).)

6       On October 8, 2020, Teriyaki filed a motion to amend its complaint pursuant to Federal

7   Rule of Civil Procedure 15(a)(2). Teriyaki seeks to eliminate its request for injunctive relief

8   regarding OLS's investigation based on the City's recent findings against Teriyaki, and to

9   eliminate its preemption claims because those claims are the subject of the pending State Action.

10  (*Id.*) The City opposes Teriyaki's motion, arguing Rule 16(b), not Rule 15(a), applies because

11  the amendment deadline has passed and further argues Teriyaki fails to satisfy Rule 16's good

12  cause standard. (Resp. to Mot. to Amend at 8.) In its reply, Teriyaki asserts that although it did

13  not cite to Rule 16 in its motion explicitly, the reasons asserted in its motion establish good

14  cause, and requests the Court construe its motion as one for both leave to amend under Rule 15

15  and Rule 16. (Reply to Mot. to Amend at 2.)

16                    **II.    DISCUSSION**

17      The deadline to amend pleadings in this matter was April 3, 2020. (Scheduling Order

18  (Dkt. # 17).) If a party moves to amend its pleadings after the date specified in the Court's

19  scheduling order, as is the case here, Rule 16 governs the request. *Johnson v. Mammoth*

20  *Recreations*, *Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). The Court therefore first determines if

21  Teriyaki has met the standard under Rule 16, and then determines whether it has met the

22  standard under Rule 15. *See id.*; *MMMT Holdings Corp. v. NSGI Holdings, Inc.*, Case No. C12-

23  01570-RSL, WL 2573290, at *2 (W.D. Wash. 2014).

ORDER - 4

1        **A.      Rule 16**

2        To satisfy the legal standard under Rule 16(b), plaintiff must show "good cause" for

3   failure to amend before the time specified in the scheduling order. *Coleman v. Quaker Oats Co.*,

4   232 F.3d 1271, 1294 (9th Cir. 2000). When determining whether plaintiff has demonstrated good

5   cause, the court "primarily considers the diligence of the party seeking the amendment."

6   *Johnson*, 975 F.2d at 609. The district court, in supervising the pretrial phase of litigation and

7   deciding the preclusive effect of a pretrial order, has "broad discretion." *C.F. ex rel. Farnan v.*

8   *Capistrano Unified School Dist.*, 654 F.3d 975, 984 (9th Cir. 2011) (upholding the district

9   court's finding of good cause to amend the scheduling order, which was supported by the

10  determinations that the amendment created (1) "no meaningful case management issues," (2) no

11  "'infringe[ment] on the efficient adjudication' of the litigation," (3) "[n]o additional discovery,"

12  and (4) "no delay").

13       **B.      Rule 15**

14       Rule 15(a)(2) provides that the court should "freely give leave when justice so requires."

15  Fed. R. Civ. P. 15(a)(2). This policy is "to be applied with extreme liberality." *Owens v. Kaiser*

16  *Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Morongo Band of Mission*

17  *Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)). Courts use five factors to assess the

18  propriety of a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the

19  opposing party, (4) futility of amendment, and (5) whether the party has previously amended its

20  pleading. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (citing *Ascon Props.,*

21  *Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989)). However, not all of these factors are

22  necessarily weighted equally. "[I]t is the consideration of prejudice to the opposing party that

23  carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th

ORDER - 5

1   Cir. 2003). The burden is on the party opposing amendment to show that they will be prejudiced

2   by the court granting leave to amend. *DCD Programs, Ltd.*, 833 F.2d at 187 (citing *Beeck v.*

3   *Aqua-slide 'N' Dive Corp.*, 562 F.2d 537, 540 (8th Cir. 1977)).

4        **C.     Analysis**

5        Teriyaki contends its motion to amend its complaint meets the good cause standard

6   because it does not seek to add any new claims and does not impact any other dates in the

7   scheduling order. (Reply to Mot. to Amend at 4.) Teriyaki further asserts that the proposed

8   amendment will not require further discovery, and notes that only minimal discovery has been

9   conducted in this matter and is mostly irrelevant to the claims Teriyaki seeks to remove from this

10  action. (*Id.*; Mot. to Amend at 2.)

11       Teriyaki also argues that that the timing for its motion to amend is a result of the City's

12  findings against Teriyaki. (Reply to Mot. to Amend at 4.) Teriyaki asserts that based on the

13  recent findings, its claims for injunctive relief to enjoin the City from issuing any findings

14  became moot, and thus should be eliminated from the complaint. (*Id.*) Teriyaki also argues that

15  after the City issued its finding, it filled its State Action regarding preemption of local ordinances

16  because it determined that state court was better suited to resolve those issues of state law. (*Id.* at

17  1.) Teriyaki therefore asserts its preemption claims in the instant matter have become

18  unnecessary, and that had the City issued its findings earlier, Teriyaki would have filed its State

19  Action and the instant motion to amend before the scheduling order deadline.[4] (*Id.*)

20       The City asserts Teriyaki has not shown good cause because it did not act diligently in

21  filing its motion to amend and that Teriyaki does not base its motion on any new facts. (Resp.

22

23  _____

[4] Teriyaki makes much of the fact it filed the motion to amend before the City filed its motion for summary judgment. The Court notes, however, that Teriyaki filed its motion to amend on the same day as the City filed its motion, which was the dispositive motions deadline.

1  Mot. to Amend at 8-13.) The City asserts Teriyaki merely seeks to improperly change the venue

2  for its preemption claims that raise purely legal questions. (*Id.*) The City also argues Teriyaki's

3  argument in support of its motion to amend disregards the resources the City has expended in

4  addressing the preemption claims in its pending motion for summary judgment. (*Id.*)

5      Here, Teriyaki has shown good cause for failure to submit its motion to amend the

6  complaint before the set deadline. Teriyaki's request to eliminate its claim for injunctive relief

7  was in response to the City's recent issuing of its findings against Teriyaki, well after the

8  amendment deadline. Teriyaki therefore was diligent in seeking to eliminate this claim. With

9  regard to its preemption claims, it appears Teriyaki could have filed the State Action prior to

10  receiving the City's findings, and nothing in the findings changes Teriyaki's preemption claims.

11  However, the court has broad discretion when considering a motion to amend and can consider

12  factors outside of diligence. Significantly, Teriyaki's motion does not seek to add any new

13  claims or parties. The motion does not require re-opening discovery or changing any other

14  current deadlines. Teriyaki's motion also does not delay this litigation, as eliminating claims

15  does not require any further briefing with regard to the parties' pending motions for summary

16  judgment. Accordingly, the Court finds Teriyaki was diligent in moving to eliminate its

17  injunctive claim and because its request to eliminate its preemptive claims does not delay this

18  action, it has shown good cause.

19      The City also argues Teriyaki fails to meet Rule 15's standard. The City asserts Teriyaki

20  acted in bad faith and with undue delay in moving to amend its complaint. Specifically, the City

21  asserts it put Teriyaki on notice early in the litigation that it intended to submit a motion for

22  summary judgment and delayed its submission due to Teriyaki's representations that it intended

23  to take depositions, which it never did. (Reply to Mot. to Amend at 15.) The City also argues it

ORDER - 7

1   will be prejudiced by Teriyaki's proposed amendments because there are fully briefed motions

2   for summary judgment and allowing Teriyaki to eliminate its preemption claims to pursue the

3   preemption claims in the State Action will force the City to relitigate the claims. (*Id.* at 12-16.)

4          The Court finds Teriyaki has also met the liberal standard of Rule 15, and therefore leave

5   to amend is warranted. For the reasons discussed above, the Court finds Teriyaki did not act with

6   undue delay. Although the City implies Teriyaki acted in bad faith and with undue delay by

7   impeding the City's submission of its motion for summary judgment, the City could have filed

8   its motion at any time before the dispositive motions deadline and Teriyaki could have moved

9   for Rule 56(f) relief. The City also makes no effort to show the amendment would be futile.

10  Further, Teriyaki has not sought to amend its complaint previously, and its motion differs from

11  the type of serial amendments cases where denying leave to amend is warranted. *See, e.g.*, *Allen*,

12  911 F.2d at 374 (denying leave to file a fourth complaint that would likely prove futile). The

13  Court is cognizant that granting Teriyaki leave to eliminate its preemption claims in this matter

14  will allow it to pursue those claims in the State Action, forcing the City to address those claims

15  before the state court. The City has therefore shown some prejudice, and this factor weighs

16  against granting Teriyaki's motion. However, when balancing the prejudice factor against the

17  other factors provided by Rule 15, leave to amend is warranted.

18          The Court notes that case law in other contexts supports granting a motion to eliminate

19  claims even if it forces a party to litigate those claims in other courts. In the removal context,

20  courts have found that it is a "legitimate tactical decision," and not bad faith, to dismiss federal

21  claims after removal from state court. *Baddie v. Berkeley Farms, Inc.,* 64 F.3d 487, 491 (9th Cir.

22  1995). Similarly, in the context of a motion to dismiss pursuant to Rule 41(a)(2), the potential

23  loss of a federal forum may be considered in determining legal prejudice, *see Westlands Water*

1   *Dist. V. U.S.,* 100 F.3d 94, 97 (9th Cir. 1996), however, the prospect of trying state claims in

2   state court as a result of a voluntary dismissal does not amount to "legal prejudice." *See, e.g.,*

3   *Smith v. Lenches,* 263 F.3d 972, 976 (9th Cir. 2001) (loss of federal forum was not legal

4   prejudice); *see also Am. Nat. Bank & Trust Co. of Sapulpa v. Bic Corp.,* 931 F.2d 1411, 1412

5   (10th Cir. 1991) ("The possibility that plaintiffs may gain a tactical advantage by refilling in state

6   court is insufficient to deny a voluntary motion to dismiss without prejudice, especially when

7   state law is involved…. [T]here is no legal prejudice to defendant even if a trial is held in state

8   court.") (cited by the Ninth Circuit in *Westlands,* 100 F.3d at 97). Accordingly, the Court finds

9   Teriyaki's motion for leave to amend to eliminate claims should be granted.

### III.   CONCLUSION

11   Based on the foregoing reasons, the Court GRANTS Teriyaki's motion to amend its

12   complaint. (Dkt. # 37.) Teriyaki is ordered to file its amended complaint within **seven days** of

13   this order. The Clerk is directed to send copies of this order to the parties and to the Honorable

14   Robert S. Lasnik.

15   Dated this 21st day of December, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 9