UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HUMAN & JOY CORPORATION d/b/a TERIYAKI & WOK, a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>SEATTLE OFFICE OF LABOR STANDARDS, an agency of the CITY OF SEATTLE, a municipal corporation; MARGARET WEIHS, an individual; and CINDI WILLIAMS, an individual,<br><br>Defendants. | NO. 2:19-cv-01546-RSL-MLP<br><br>FIRST AMENDED COMPLAINT<br><br>**JURY TRIAL REQUESTED** |

Plaintiff allege as follows:

## I.  PARTIES

1. Teriyaki & Wok is a Washington corporation doing business in King County, Washington. Its principal place of business and registered agent are located in King County, Washington.

2. Defendant, the Seattle Office of Labor Standards, as an agency of the City of Seattle, is a municipal corporation based in King County, Washington.

3. Defendant, Margaret Weihs, is an individual residing in King County.

4. Defendant, Cindi Williams, is an individual residing in King County.

FIRST AMENDED COMPLAINT – 1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7204442.1

## II. JURISDICTION AND VENUE

5. This Court has original jurisdiction over claims brought under 42 U.S.C. § 1983 and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over state law claims arising out of the same nucleus of operative facts under 28 U.S.C. § 1367.

6. Venue is properly located in the Western District of Washington under 28 U.S.C. § 1391(b), as the incidents complained of in this Complaint occurred in King County, Washington, and all of the defendants are residents of King County, Washington.

## III. FACTUAL BACKGROUND

### The City Presumes Teriyaki & Wok Violated Seattle's Municipal Code

7. Teriyaki & Wok is a small minority owned restaurant located on Capitol Hill.

8. The restaurant is a simple, quickie food stop, serving Seattle Central College students and lower-income residents who live near Broadway on Capitol Hill.

9. The owners of Teriyaki & Wok pride themselves on providing better working conditions, pay, and other benefits than most in the industry.

10. In fact, its employees are paid wages at or above minimum wage requirements and time and half for overtime.

11. This is significant as most similarly situated businesses do not authorize overtime and, Teriyaki & Wok's employees love the fact that they can work overtime and make significantly more money than they might at another business.

12. Earlier this year, a former Teriyaki & Wok employee, Eligio Benito Mendez ("Mendez"), asserted that he was owed additional wages for unpaid hours of work and/or missed meal breaks and/or rest periods that he claimed he was not able to take.

13. Teriyaki & Wok disputes these claims.

FIRST AMENDED COMPLAINT – 2

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7204442.1

14. During the time of Mendez's employment, Teriyaki & Wok believes it compensated Mendez in compliance with all relevant Washington laws and regulations, including all Seattle Municipal laws and regulations.

15. The Office of Labor Standards ("OLS") — apparently on behalf of Mendez— reached out to Teriyaki & Wok to come to a private resolution regarding Mendez's spurious claims.

16. OLS has claimed that it has conducted an investigation (through conclusion), through its investigators, including defendant Margaret Weihs, despite no testimony being taken, nor any impartial findings or hearing taking place.

17. Almost from the beginning, OLS began pushing Teriyaki & Wok to sign a settlement, repeatedly threatening that, if Teriyaki & Wok did not sign the agreement, OLS was "prepared to move to a finding" (impliedly an adverse finding under the context of the threats) and that the only "two avenues of resolution…are either a settlement agreement or a finding" (again obviously implicating an "adverse" finding) by OLS.

**Teriyaki & Wok Is Hindered in Their Ability to Respond to the City**

18. Teriyaki & Wok requested to review the documents and communications the City relied on to come to its "finding," but it was told that it was not "routine" to share all statements and communications regarding the City's investigation.

19. Consequently, all such documents and communications were not provided to Teriyaki & Wok.

20. Because Teriyaki & Wok had no easy and quick access to the evidence, they were hindered in their inability to respond to OLS's investigation, defend itself, or contest the apparent "findings" that were obviously reached or contemplated (officially or unofficially).

FIRST AMENDED COMPLAINT – 3

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7204442.1

21. As a result, a public records request was made by Teriyaki & Wok on June 6, 2019 through its counsel for documents regarding Teriyaki & Wok's Seattle OLS Case No. CAS-2018-00079 – the "investigation" that OLS was pursuing against Teriyaki & Wok.

22. The City of Seattle improperly closed the public records request without providing much of anything to Teriyaki & Wok and in violation of its obligations under the Public Records Act.

23. In fact, Teriyaki & Wok received approximately 20 documents, none of which were particularly helpful being either draft settlement agreements (which Teriyaki & Wok already had), blank forms or standard notices that OLS apparently provides many employers in the city.

24. As a result of the City's intransigence, Teriyaki & Wok was forced to file a complaint against the City for violations of the Public Records Act (Superior Court of Washington for King County Cause No. 19-2-24078-4 SEA).

**The City Attempts to Strong-arm Teriyaki & Wok Into Settlement by Threatening Dismissal in a Case in Which It Is Not a Party**

25. Additionally and separately, Teriyaki & Wok exercised its right (like any other party in the state might choose to do) to file action in state court seeking a declaratory judgment relating to the claims that Mr. Mendez was apparently asserting against it for past wages.

26. In doing so, Teriyaki & Wok named *only* Mendez and specifically not the City, whereby Teriyaki & Wok requested an authorized and empowered judicial officer of the King County Superior Court to resolve a good faith dispute with Mendez.

27. In other words, Teriyaki & Wok exercised its right to seek redress from the courts of this state in accordance with recognized statute and precedent.

28. Teriyaki & Wok's declaratory judgment action is in the Superior Court of Washington for King County (Cause No. 19-2-18473-6 SEA) (the "Complaint").

FIRST AMENDED COMPLAINT – 4

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7204442.1

29. Teriyaki & Wok has a fundamental right to access the courts as it did in hopes of resolving a good faith dispute with Mr. Mendez, free from the harassment, retaliation, and/or punishment by OLS, acting as an arm of city government.

30. OLS is not a party to the Complaint (Cause No. 19-2-18473-6 SEA) as Teriyaki & Wok does not seek to implicate or otherwise adjudicate in that matter any claims that OLS believes it has against it.

31. In response to Teriyaki & Wok's Complaint, OLS—through an Assistant City Attorney, Defendant Cindi Williams—informed Teriyaki & Wok that OLS considered the Complaint to be actionable retaliation against Mr. Mendez

32. Moreover, Ms. Williams claimed that, if the case was not dismissed and if the pending settlement was not accepted, OLS would likely be adding an additional count of retaliation against Teriyaki & Wok as part of its "investigation."

33. Ms. Williams also threatened to file a motion to intervene in the King County Superior Court matter (arising out of the Complaint)—to which it is not a party—only to then seek to dismiss Teriyaki & Wok's Complaint.

34. Despite this, Teriyaki & Wok continued to work towards a resolution with OLS, but it was again informed, this time by Defendant Margaret Weihs—the OLS investigator—that if a settlement was not agreed to by Teriyaki & Wok, OLS would amend the pending (and obviously already concluded) Notice of Investigation to add a new claim of retaliation based on the filing of the Complaint.

35. Moreover, she threatened that when OLS moved to its "finding" (i.e. fining), it would now impose higher penalties on Teriyaki & Wok for deigning to seek redress before the Court relative to its dispute with Mr. Mendez.

36. Once again, a reasonable party, including Teriyaki & Wok found her to be implicating that an "adverse" finding was assured in that situation.

FIRST AMENDED COMPLAINT – 5

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7204442.1

# IV.  CLAIMS
## CAUSE OF ACTION I: VIOLATION OF THE FIRST AMENDMENT RIGHT TO PETITION THE GOVERNMENT (§1983 VIOLATION OF THE CIVIL RIGHTS ACT)

37. Teriyaki & Wok incorporates by reference all of the foregoing allegations.

38. Defendants' above-described policies, practices, and conduct violate Teriyaki & Wok's right to petition the government under the First Amendment to the United States Constitution as well as under Article 1, section 4 of the Washington State Constitution.

39. At all times, defendants Margaret Weihs and Cindi Williams carried out official policies of Defendant City of Seattle, under the color of statute, ordinance, and /or regulation.

40. Defendants' actions, as expressed by the individual defendants. has the potential to chill a reasonable person from exercising their rights to seek redress before the courts. Further, Defendants' actions deprive Teriyaki & Wok's rights, privileges, and /or immunities as secured by the First Amendment of the United States Constitution as well as under Article 1, Section 4 of the Washington State Constitution.

41. Defendants conduct violates clearly established statutory and constitutional rights afforded to Teriyaki & Wok.  Defendants knew that Teriyaki & Wok has been afforded these rights, and intended to violate them despite this knowledge. And, a reasonable person would have known that Teriyaki & Wok was afforded the aforementioned constitutional rights.

42. Defendants used their power irresponsibly to attempt to chill Teriyaki & Wok's constitutional rights.

43. Chilling Teriyaki & Wok's protected conduct was a substantial or motivating factors for the defendants' actions.

44. As a direct and proximate cause of defendants' unlawful acts, Teriyaki & Wok has suffered and continue to suffer damage.

45. Teriyaki & Wok is entitled to declaratory judgment and injunctive relief to protect its constitutional rights.

FIRST AMENDED COMPLAINT – 6

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7204442.1

## V. RELIEF REQUESTED

WHEREFORE, the Teriyaki & Wok requests the following:

46. Judgment in their favor reflecting appropriate penalties as allowed by law for violations of Teriyaki & Wok's constitutional rights in violation of Section 1983 of the United States Constitution including any and all damages, which also includes without limitation punitive damages.

47. An award of reasonable attorneys' fees and costs.

48. All other relief the Court deems just and proper.

DATED this 28th day of December, 2020.

s/Daniel A. Brown
s/Jessica M. Cox
Daniel A. Brown, WSBA #22028
Jessica M. Cox, WSBA #53027
Attorneys for Plaintiffs Teriyaki & Wok
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Telephone:  (206) 628-6600
Fax:  (206) 628-6611
dbrown@williamskastner.com;
jcox@williamskasnter.com

FIRST AMENDED COMPLAINT – 7

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7204442.1